JUDGE ROBERTSON
delivered the opinion of the court:
To entitle the appellant to the right of way through the appellee’s land, the Constitution, as often interpreted by this court, required the payment of the value of the use of the land taken, without any regard to consequential advantages resulting to the owner from the construction of the railroad. In addition to that value, as so assessed, the appellee was entitled by the charter to consequential damages resulting from the construction and use of the railroad through his ¡land, subject to set-off of consequential advantages. The case of fencing rendered necessary by the construction and use of the road is a consequential damage, and the circuit court properly so decided. In assessing the total damage at $650, the jury estimated not only the value of the right of way, but the cost of increased fencing and other inconveniences, and also all consequential advantages; and, on the facts exhibited in the record, this court cannot adjudge that assessment excessive.
The commissioners appointed to assess damages made two reports, differing $100 in amount, and neither of them including the cost of fencing, for which the jury must have allowed more than $600; and, as both reports were traversed, and the jury greatly exceeded each, the quashal by the court of the first report, and requisition of *327 the second, were not prejudicial to either party, because, whichever of them might have been made the basis of the assessment by the jury, that assessment would have been the same on the same facts.
We perceive no error in admitting or rejecting testimony, nor in giving or refusing instructions.
Wherefore, the judgment is affirmed.